**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| ADA NEMIRA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 25-13432-FDS |
| | ) | |
| PHILIPS NORTH AMERICA LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER ON**
**DEFENDANT'S MOTION TO DISMISS**

**SAYLOR, J.**

This is an employment-discrimination action.  Plaintiff Ada Nemira, an immigrant from

Lithuania, alleges that defendant Philips North America LLC violated federal and state law by

discriminating against her during her employment and wrongfully terminating her on the basis of

her age and immigration status.  She is proceeding *pro se*.

Defendant has moved to dismiss Count 2 of the complaint under Fed. R. Civ. P. 12(b)(6)

on the ground that plaintiff failed to exhaust her administrative remedies, as required by statute.

Plaintiff has moved to strike defendant's motion as untimely and for a default judgment in her

favor.  For the following reasons, defendant's motion will be granted and plaintiffs' motions will

be denied.

I.    **Background**

A.    **Factual Background**

The following facts are set forth as alleged in the complaint.

Ada Nemira is a former employee of Philips North America LLC, who worked in Cambridge, Massachusetts.  (Compl. ¶¶ 2, 6, 10, Dkt. No. 1).  She is a Jewish immigrant from Lithuania who "speak[s] with a noticeable accent."  (*Id.* ¶¶ 2, 25).  The complaint alleges that she is 49 years old, and "[t]hroughout her employment," she was "above the age of 40."  (*Id.* ¶¶ 2, 33).  She presently has "asylee status" and "has been awaiting her green card interview since 2017."  (*Id.* ¶ 2).

Nemira was hired in December 2020 as a contract support analyst.  (*Id.* ¶ 23).  In January 2023, she transitioned to the legal department as a senior paralegal.  (*Id.* ¶ 27).  Her immediate chain of supervision in that role included Laura Powers, Joseph Innamorati, and Robert Spadafora.  (*Id.* ¶ 29).  Powers was her direct supervisor, but she also worked as a paralegal for Tess Harper.  (*Id.* ¶¶ 31-32).  During the relevant time, Nemira's human resources representative was Susan Simon.  (*Id.* ¶ 30).

Nemira's 2023 employment review from Powers was very positive.  (*Id.* ¶ 36).  However, in February 2024, Powers sent her a "warning letter" alleging that she was performing tasks that she was not asked to perform and communicating with personnel with whom she was not permitted to communicate.  (*Id.* ¶ 34).  The letter also reminded Nemira that she was an at-will employee, and, therefore, could be terminated at any time.  (*Id.*).  After receiving the warning letter, Nemira alerted Spadafora, who forwarded the request to Simon, and also requested an internal investigation and a reassignment to a different manager while the investigation was ongoing.  (*Id.* ¶ 37).  Simon began an investigation into the matter but declined to reassign her to a different manager.  (*Id.* ¶ 51).  Simon allegedly told her that "managers are always right," and therefore what Powers wrote in the warning letter was presumptively true.  (*Id.* ¶ 53).

2

In April 2024, Simon paused the investigation because Powers had taken a brief leave of absence.  (*Id.* ¶¶ 58-59).  After Powers returned, she emailed Nemira to find a time to meet and allegedly reminded her that she "could be terminated at any point."  (*Id.* ¶ 60). Nemira responded that she preferred to communicate in writing while they were both under investigation.  (*Id.* ¶ 61).  According to the complaint, because of the pressure she felt from Powers's emails, Nemira experienced severe anxiety and took sick leave.  (*Id.* ¶ 63).

In May 2024, Nemira sought a one-on-one meeting with Innamorati and filed a "SpeakUp report" to inform the independent investigators of what she perceived as unfair treatment and a hostile work environment.  (*Id.* ¶¶ 66-67).[1]  The internal investigators allegedly interviewed her one time and did not ask about her claims of discrimination or unequal treatment at the company.  (*Id.* ¶ 69).  According to the complaint, Simon mentioned knowing about the SpeakUp report, which investigators had said would be confidential.  (*Id.* ¶ 74).

Around that time, the company promoted a substantially younger employee, Patricia Hartman, from the position of senior paralegal to contract manager.  (*Id.* ¶¶ 38-39).  The complaint alleges that Nemira and at least two other senior paralegals—who had worked at the company for longer than Hartman and were all over the age of 49—were passed over for the promotion in favor of Hartman, who was about 27 years old at the time.  (*Id.* ¶¶ 39-42).  The promotion was worth an additional $60,000 in salary.  (*Id.* ¶ 72).  Furthermore, Hartman was attending law school in May 2024, and the company had provided her tuition reimbursement and three months of vacation time to study for the bar exam.  (*Id.* ¶¶ 43-44).  According to the complaint, when Nemira shared that she had been admitted to the Massachusetts School of Law

---

[1] The complaint does not explain what a "SpeakUp report" was, but it appears to have been some form of internal complaint process.

in August 2024, the company denied her request for similar tuition reimbursement.  (*Id.* ¶¶ 45-48).

While she was on vacation running from the end of June to the beginning of July 2024, Nemira allegedly received an e-mail from Human Resources demanding immediate copies of her work authorization documents, with the threat of termination if she did not send them before her vacation ended.  (*Id.* ¶¶ 80-81).  The complaint alleges that, before receiving the e-mail, she never been asked to "directly provide" copies of her work authorization.  (*Id.* ¶ 83).  Instead, the company previously used "E-Verify" to confirm her work authorization.  (*Id.* ¶¶ 82-83).

The complaint also alleges that Spadafora took another paralegal on a holiday trip without offering the opportunity to Nemira, and that Powers said she would fire Nemira if she did not come into the office twice per week, despite the other paralegals coming in only once per week or less.  (*Id.* ¶¶ 90-91).  The complaint alleges that the other paralegals are of Italian descent, while Nemira is a Lithuanian immigrant.  (*Id.* ¶¶ 2, 92).

In September 2024, Nemira requested psychiatric help from the company's human resources team; around that same time, the company posted a new paralegal job opening on its website.  (*Id.* ¶ 77-78).  The company terminated her employment before she met with a psychiatrist.  (*Id.* ¶ 79).  Her termination occurred two weeks after the company completed the internal investigation, which found no violations.  (*Id.* ¶¶ 75, 119).

### B.     Procedural Background

Plaintiff filed the complaint on November 18, 2025.  The complaint asserts four claims: (1) violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621; (2) termination based on immigration status in violation of 8 U.S.C. § 1324b; (3) retaliation in violation of Title VII, 42 U.S.C. § 2000e; and (4) wrongful termination under Mass. Gen. Laws, ch. 151B.

Defendant has moved to dismiss Count 2 for failure to state a claim upon which relief can be granted. Plaintiff has moved to strike the motion as untimely and for a default judgment in her favor.

## II.    Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), the complaint must state a claim that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). When determining whether a complaint satisfies that standard, a court must "take the complaint's well-pleaded facts as true, and . . . draw all reasonable inferences in the plaintiff's favor." *Lowe v. Mills*, 68 F.4th 706, 713 (1st Cir. 2023) (quoting *Frese v. Formella*, 53 F.4th 1, 5 (1st Cir. 2022)) (citation modified). Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Médico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

For the purposes of analyzing a motion to dismiss, the complaint must be construed generously because plaintiff is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Rodi v. Southern New Eng. Sch. of L.*, 389 F.3d 5, 13 (1st Cir. 2004). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citation modified);

*see* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). "Nevertheless, a litigant's exercise of his right to self-representation does not exempt him from complying with the relevant rules of procedural and substantive law." *Martinez-Machicote v. Ramos-Rodriguez*, 553 F. Supp. 2d 45, 49 (D.P.R. 2007).

### III.    Analysis

#### A.    Motion to Dismiss

Defendant contends that Count 2, which asserts a violation of 8 U.S.C. § 1324b, must be dismissed because the complaint does not allege that plaintiff filed a charge with the Special Counsel for Immigration-Related Unfair Employment Practices.

The relevant statute, 8 U.S.C. § 1324b, prohibits discrimination on the basis of an individual's national origin or immigration status in employment. *See* 8 U.S.C. § 1324b(a). The statute includes an administrative exhaustion provision: a person alleging that she has been subject to an "unfair immigration-related employment practice" must first file a charge with the Special Counsel for Immigration-Related Unfair Employment Practices. *Id.* § 1324b(b)(1). If the Special Counsel does not file a complaint before an administrative law judge within a 120-day period after receiving the charge, the individual may pursue an action before an administrative law judge. *Id.* § 1324b(d)(2).[2]

---

[2] Although defendant has not raised the point as grounds to dismiss the claim, the Court notes that § 1324b does not include a private right of action in district court. The statute provides that after a charge is filed, the Special Counsel shall notify a complainant where she "has not filed a complaint before *an administrative law judge* with respect to such charge within such 120-day period." 8 U.S.C. § 1324b(d)(2) (emphasis added). After receiving notice from the Special Counsel, "the person making the charge may . . . file a complaint directly before *such a judge* within 90 days"—that is, before an administrative law judge, not a district court. *Id.* (emphasis added). By contrast, Title VII, which permits suits to be filed directly in district court, provides that if the EEOC does not file an action and issues a Notice of Right to Sue, "*a civil action* may be brought against the respondent named in the charge . . . by the person claiming to be aggrieved." 42 U.S.C. § 2000e-5(f)(1) (emphasis added).

Instead of permitting suits directly in district court, 8 U.S.C. § 1324b sets out a detailed remedial scheme that begins with proceedings before an administrative law judge. *See* 8 U.S.C. § 1324b(d)-(h). After an ALJ has issued an order in the administrative proceeding, the Special Counsel may seek enforcement of that order in a

Setting aside whether plaintiff may bring this claim in district court, it is clear that filing a charge with the Special Counsel is a precondition to a plaintiff's right to bring a claim under § 1324b. The complaint does not allege that plaintiff filed a charge with the Special Counsel prior to filing suit. It does allege that she filed a charge with the EEOC, which issued her a Notice of Right to Sue on her Title VII claim, but that does not satisfy the requirements of § 1324b. (Compl. ¶¶ 17-19). Indeed, the statute expressly prohibits the filing of a charge with the Special Counsel "if a charge with respect to that practice based on the same set of facts has been filed with the [EEOC] under title VII." 8 U.S.C. § 1324b(b)(2). Accordingly, because the complaint does not allege that plaintiff filed a charge with the Special Counsel for Immigration-Related Unfair Employment Practices, the claim under 8 U.S.C. § 1324b will be dismissed.

### B.    Motion to Strike and Motion for Default Judgment

Plaintiff has moved to strike defendant's motion to dismiss and for a default judgment on the ground that defendant's motion to dismiss was filed after the deadline for responsive pleadings had passed. (Dkt. Nos. 14, 15).

---

district court, *id.* § 1324b(j), or a person aggrieved by the order may seek review from a court of appeals, *id.* § 1324b(i).

Some courts, including a session of this court, have assumed without deciding that a plaintiff can bring a § 1324b claim directly in district court. *See Triveldi v. General Elec. Co.*, 2020 WL 9744754, at *10-11 (D. Mass. Aug. 13, 2020); *Weiss v. City Univ. of New York*, 2019 WL 1244508, at *12 (S.D.N.Y. Mar. 18, 2019). For the reasons identified above, however, the Court believes that the courts that have held otherwise have the better of the argument. *See, e.g.*, *Tudoriu v. Horshoe Casino Hammond*, 2006 WL 752490, at *2 (N.D. Ill. Mar. 21, 2006) ("IRCA does not provide for private causes of action in federal court, and implicates judicial review only after administrative procedures have been exhausted."); *Shah v. Wilco Sys., Inc.*, 126 F. Supp. 2d 641, 648-49 (S.D.N.Y. 2000).

Nonetheless, because defendant has not sought to dismiss the claim on the basis that § 1324b does not include a private right of action, and the issue does not implicate the Court's subject-matter jurisdiction, the Court will not dismiss the claim on that basis. *See Verizon Maryland, Inc. v. Public Serv. Comm'n*, 535 U.S. 635, 642-43 (2002) ("It is firmly established in our cases that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.*, the courts' statutory or constitutional *power* to adjudicate the case." (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998))).

Defendant's response, however, was not overdue.  On December 29, 2025, the Court granted plaintiff's motion to amend her complaint and directed her to file an amended complaint within 14 days, or by January 12, 2026.  (Dkt. No. 9).  The Court then ordered that defendant's response would "be due 21 days after the amended complaint is filed on the docket."  (*Id.*).

Plaintiff ultimately decided not to amend her complaint, and she informed defendant of her decision on January 11, 2026.  To be sure, the terms of the Court's earlier order did not explicitly set out what the deadline for a response would be if plaintiff decided not to amend her complaint, because plaintiff had indicated that she intended to and had filed a motion to that effect.  But, under the circumstances, fairness dictates that the 21-day period for defendant to respond began to run as of January 11, when defendant was informed that plaintiff would not amend her complaint.  The 21-day period ended on February 1, which was a Sunday.  Therefore, under Fed. R. Civ. P. 6(a)(1)(C), the deadline for defendant's response was February 2, 2026.  That was the date on which defendant filed its partial answer and motion to dismiss.  (Dkt. Nos. 10, 11).  Accordingly, defendant's responses were not overdue, and it is difficult in any event to see how plaintiff suffered any meaningful prejudice from the brief delay.  Plaintiff's motions will therefore be denied.

## IV.    Conclusion

For the foregoing reasons, defendant's motion to dismiss Count 2 of the complaint is GRANTED, and plaintiff's motions to strike and for a default judgment are DENIED.

**So Ordered.**

/s/  F. Dennis Saylor IV

F. Dennis Saylor IV

Dated:  August 5, 2026                           United States District Judge

8